IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OHIO

Eastern Division

**FILED**

FEB 04 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Leonard Tyler, Jr

#60750-060

FCI-Cumberland

PO Box 1000

Cumberland, MD 21501

Plaintiff

v.

Case No: 5:26 CV 281

United States Of America

US Attorney's Office for the Northern

District of Ohio

2 S. Main St, Rm 208

Akron, OH 44308

JUDGE LIOI

**MAG. JUDGE HENDERSON**

Drug Enforcement Agency ("DEA")

Forfeiture Counsel

8701 Morrissette Dr

Springfield, VA 22152

Defendants

-1-

## COMPLAINT

Parties, Venue, Jurisdiction

1) Leonard Tyler, Jr. is a person from whom the United States Of America and its DEA have seized and administratively forfeited $32,480.00 (thirty two thousand four hundred eighty dollars and no cents) in United States currency.

2) Defendant United States Of America is the federal government of the United States. It is the proper defendant for an equitable challenge to an administrative forfeiture under Constitutional common law. United States v. Dusenberry 201 F3d 763 (6ᵀᴴ Cir 2000).

3) Defendant DEA is an agency of the United States and the proper defendant for the Administrative Procedure Act ("APA") claims. 5 USC §703.

4) The Court has equitable jurisdiction over the Constitutional common law claims pursuant to 28 USC §1331 and US Const Amends IV, V, and VII. Dusenberry.

5) The Court has jurisdiction over the APA claims pursuant to 28 USC §1331 and 5 USC §702-703.

6) The $32,480.00 in currency at issue was seized in Uniontown, Ohio, making venue proper in this district. 28 USC §1391.(b)(2).

-2-

Factual Allegations

7) On September 23, 2021, the DEA seized the $32,480.00 in US currency at issue here from a vehicle being driven by Leonard Tyler, Jr, at 3619 S. Arlington Rd, Uniontown, OH. Tyler was arrested that day and has been continuously imprisoned since that day.

8) In December of 2021, the DEA sent notices to Tyler at his home and at the Correctional Corporation Of America ("CCA") jail facility in Youngstown, Ohio, instructing Tyler to respond within 20 days. With the letter was a form, attached hereto as Exhibit ("Exh") 1, for Tyler to use to assert his claim to the $32,480.00 in currency to prevent its administrative forfeiture.

9) On December 22, 2021, Eris Tye, acting at Tyler's direction, completed the form of Exh 1 and signed Tyler's name to it, then returned it to the DEA on Tyler's behalf. Because of Tyler's imprisonment, he could not have gathered the necessary documents, completed, signed and returned the form of Exh 1 within the 20 day time limit.

10) On January 18, 2022, the DEA accepted Tyler's claim and forwarded the matter to its forfeiture counsel, per Exh 2.

11) On April 28, 2025, the DEA sent Tyler a letter, attached hereto as Exh 3, stating that it had determined it would return to him the $32,480.00 in US currency.

-3-

12) Before May 19, 2025, the DEA sent Tyler a letter, attached hereto as Exh 4, stating that it had reversed its decision to return the innocent $32,480.00 in US currency because Tye had signed Exh 1 for Tyler with Tyler's authorization, citing 28 CFR §8.10(b)(13).

13) On May 19, 2025, Tyler mailed to the DEA Exh 5, inquiring whether Exh 4 represented a final agency action.

14) On June 5, 2025, the DEA sent Tyler a letter, attached hereto as Exh 6, stating that it had, indeed, taken final agency action.

COUNT I - UNLAWFUL SEIZURE AND TAKING PURSUANT TO US CONST AMENDS IV, V AND VII

15) The allegations of para 1-14, supra, are hereby incorporated by reference.

16) Defendant United States unlawfully seized and took $32,480.00 in US currency from Tyler in violation of US Const Amends IV, V and VII.

17) Tyler prays that this Court order returned to him $32,480.00 in US currency and any other relief that the Court may see fit to grant.

-4-

COUNT II — THE ADMINISTRATIVE FORFEITURE PROVISIONS OF 21 USC § 881, 18 USC §983 AND THEIR IMPLEMENTING REGULATIONS VIOLATE US CONST AMEND IV, V AND VII

18) The allegations of para 1-14, supra, are hereby incorporated by reference.

19) The administrative forfeiture provisions of 21 USC §881, 18 USC §983 and their implementing regulations violate US Const Amend IV, V and VII.

20) Tyler prays that this Court declare that the administrative forfeiture provisions of 21 USC §881, 18 USC §1983 and their implementing regulations violate US Const Amend IV, V and VII and are therefore null and of no effect and order that his $32,480.00 in US currency be returned to him and any other relief that the Court may see fit to grant.

COUNT III — VIOLATION OF THE APA, 5 USC §701, et seq

21) The allegations of para 1-14, supra, are hereby incorporated by reference.

22) The DEA's decision to administratively forfeit Tyler's $32,480.00 in US currency was an arbitrary and capricious misapplication of the relevant statutes and regulations in violation of the APA, 5 USC §701, et seq.

23) Tyler prays that this Court order returned to him $32,480.00 in US currency and any other relief that the Court may see fit to grant.

-5-

COUNT IV - VIOLATION OF THE APA, 5 USC §701, et seq

24) The allegations of para 1-14, supra, are hereby incorporated by reference.

25) 28 CFR §8.10 was, in whole or part, promulgated by the DEA without statutory authority and in violation of the nondelegation doctrine and the major questions doctrine.

26) Tyler prays that this Court declare that 28 CFR §8.10 was promulgated by the DEA without statutory authority, in violation of the nondelegation doctrine and in violation of the major questions doctrine, order returned to him $32,480.00 in US currency, and any other relief that the Court may see fit to grant.

Respectfully Submitted,

Leonard Tyler, Jr #60750-060
FCI-Cumberland
PO Box 1000
Cumberland, MD 21501

CERTIFICATE OF SERVICE

I hereby certify that this Complaint was mailed to the Clerk of the Court, 1ˢᵗ Class Postage Prepaid, this 2ⁿᵈ day of FEBRUARY, 2026.

Leonard Tyler, Jr.  607500200
F.C.I Cumberland
P.O. Box 1000
Cumberland, MD 21501