BIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEONARD TYLER, JR.,                    )
                                       )        CASE NO. 5:26-cv-00281
           *Plaintiff,*                )
                                       )
      v.                               )        CHIEF DISTRICT JUDGE SARA LIOI
                                       )
UNITED STATES OF AMERICA,              )
et al.,                                )
                                       )        **MEMORANDUM IN SUPPORT OF**
           *Defendants.*               )        **MOTION TO DISMISS**
                                       )

INTRODUCTION

This case involves a challenge to the administrative forfeiture of $32,480.00 by the Drug Enforcement Agency ("DEA").  Because Plaintiff received proper notice and failed to submit a valid claim under oath and subject to perjury, he cannot challenge the administrative forfeiture. Thus, this Court lacks subject matter jurisdiction over this case and his Complaint should be dismissed.

BACKGROUND

According to the Complaint, Plaintiff Leonard Tyler, Jr. ("Plaintiff"), was arrested on September 23, 2021.  (Compl. ECF No. 1 PageID # 3, ¶ 7.)  At the time of his arrest, DEA agents found and seized $32,480.00 in U.S. Currency ("Currency") in the vehicle Plaintiff was driving. (*Id.*; *see also Declaration of Alycia P. Regis ("Regis Decl.")*, attached hereto as Gov't Ex. A, at ¶ 4(a).)  The DEA District Office in Cleveland prepared and submitted a forfeiture report.  (*Id.*) After a review of the evidence that existed to seize the Currency, DEA accepted the case for administrative forfeiture.  (*Id.*)

On November 22, 2021, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Plaintiff at the Northeast Ohio Correctional Center.  (*Id.* at ¶ 4(b), Attach. 1; *see also Compl.* ECF No. 1 PageID # 3 at ¶ 8.)  On November 29, 2021, an individual signed for the certified mail.  (*Id* at ¶ 4(b), Attach 2.)  Six additional notices were also mailed to Plaintiff at six different addresses. (*Id.*)  Further, pursuant to 28 C.F.R. § 8.9(a), the DEA posted notice of the seizure of the Currency on <u>forfeiture.gov</u>, an official internet government forfeiture website, for a period of 30 consecutive days beginning on December 6, 2021, and ending on January 4, 2022.  (*Id.* at ¶ 4(c), Attach. 3.)

Pursuant to 18 U.S.C. § 983(a), the mailed notices stated that the deadline to file a claim was December 27, 2021. If the mailed notice was not received, the internet posting stated that the deadline to file a claim was February 4, 2022.  (*Id.*)  In addition, the internet posting and the mailed notices explained the option of filing a petition for remission or mitigation of forfeiture.

On December 23, 2021, DEA received a timely claim that contained the printed name "Leonard B. Tyler, Jr." on the Printed Name line of the Claim form, and the purported signature of "Leonard B. Tyler Jr." on the signature line of the Claim form.  (*Id.* at ¶ 4(d), Attach. 4; *see also Compl.*, ECF No. 1 PageID ## 3, 9-12, at ¶ 9 and Attach. 1, Standard Claim Form.)  Neither the printed name nor the signature contained any notations indicating that someone other than Plaintiff completed and signed the Claim form.  (*Id.*)  In addition, the narrative in the Claim for statement of interest was written in the first person, and the first page of the Claim form only included Plaintiff's name and email address.  (*Id.* PageID # 9.)  The Attorney Information section of the Claim form indicated "NA".  (*Id.*)  No other documents were submitted with the Claim that would indicate a third party was signing or submitting the Claim on behalf of Plaintiff.  (*Id.*)

2

Importantly, Plaintiff now admits that "Eris Tye, acting at [Plaintiff's] direction, completed the form…and signed [Plaintiff's] name to it, then returned it to the DEA on [Plaintiff's] behalf." (*Compl.* ECF No. 1 PageID # 3, at ¶ 9.)

On January 13, 2022, DEA sent a letter by certified mail, return receipt requested to Plaintiff at the address listed on the Claim form acknowledging receipt of the claim and the referral of the claim to the Northern District of Ohio.  (*Id.* at ¶ 4(e), Attach. 5; *see also Compl.* ECF No. 1 PageID ## 3, 21, at ¶ 10, Attach. 2, Text of 1/18/22 Letter.)  This acknowledgment letter was sent before DEA was aware that the Claim was not signed by Plaintiff.  (*Id.*)

On February 14, 2022, DEA received a letter of representation from Michael B. Bowler, Esq.  (*Id.* at ¶ 4(f), Attach. 6.)  On or about April 8, 2025, DEA received a letter from the United States Attorney's Office for the Northern District of Ohio, stating that it will not be pursuing the forfeiture of the Currency.  (*Id.* at ¶ 4(g), Attach. 7.)  As a result, DEA sent a letter by certified mail, return receipt requested, to Plaintiff's attorney advising of the decision to return the property with instruction to complete a UFMS Vendor Request Form.  (*Id.* at ¶ 4(h), Attach. 8; *see also Compl.* ECF No. 1 PageID ## 3, 23-24, at ¶ 11, Attach. 3, 4/28/25 Letter.)  This was also mailed before DEA became aware that the Claim was not signed by Plaintiff.  (*Id.*)

On May 5, 2025, after learning that the Claim was not signed by Plaintiff, DEA sent a letter by certified mail, return receipt requested, to Plaintiff at FCI-Cumberland, stating that the claim was invalid due to being signed by a third party and, therefore, the letter regarding the return of the Currency was rescinded.  (*Id.* at ¶ 4(i), Attach. 10; *see also Compl.* ECF No. 1 PageID ## 4, 28-29, at ¶ 12, Attach. 4, 5/11/25 Letter.)  Because DEA had not received a properly executed claim and the time for filing said claim expired, DEA administratively forfeited the currency pursuant to 19 U.S.C. § 1609.  (*Id.* at ¶ 4(j), Attach. 13.)

On May 27, 2025, DEA received a hand-written letter from Plaintiff informing DEA that he intended to bring a lawsuit to challenge the administrative forfeiture of the Currency.  (*Id.* at ¶ 4(k), Attach. 14; *see also Compl.* ECF No. 1 PageID ## 4, 31, at ¶ 13, Attach. 5, 5/19/25 Letter.)  DEA responded and advised Plaintiff that the Currency was administratively forfeited and disposed of according to law.  (*Id.* at ¶ 4(l), Attach. 15; *see also Compl.* ECF No. 1 PageID ## 4, 33, at ¶ 14, Attach. 6, 6/5/25 Letter.)  DEA reiterated that a third party had signed the claim in violation of 18 U.S.C. § 983(a)(2)(C) and 28 C.F.R. § 8.10(b)(3).  (*Id.*)  Nevertheless, Plaintiff filed suit in this Court.  However, as explained below, the Complaint must be dismissed for lack of jurisdiction because 18 U.S.C. § 983(e) is the exclusive remedy to challenge an administrative forfeiture and Plaintiff admits to receiving notice thereby precluding this action.

LAW AND ARGUMENT

I.       <u>Standard of Review</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a court's subject matter jurisdiction.  Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 469, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the U.S. Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

A motion filed pursuant to Rule 12(b)(1) falls into two general categories: a facial attack or a factual attack.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  "A *facial* attack is a challenge to the sufficiency of the pleading itself."  *Id.*  For such challenge, the Court accepts

4

the material allegations of the complaint as true and construed in the light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

In contrast, a factual attack challenges "the factual existence of subject matter jurisdiction." *Id.* "On such a motion, no presumptive truthfulness applies to the factual allegations…and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320,325 (6th Cir. 1990)). The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Importantly, lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

## II.  Applicable Forfeiture Procedures

The Currency was seized in this case pursuant to 21 U.S.C. § 881. (*Regis Decl.* Attach. 1 Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings.) Forfeitures under this section are governed by the customs laws relating to forfeiture, as well as the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). *See* 21 U.S.C. § 881(d) and 18 U.S.C. 983. Under the custom laws, the DEA may administratively forfeit monetary instruments (such as currency). 19 U.S.C. § 1607. An administrative forfeiture has the same force and effect as a final order of forfeiture in a judicial forfeiture proceeding. 19 U.S.C. § 1609(b). The DEA must send written notice to all parties who appear to have an interest in the seized property and publish notice of the seizure and its intent to forfeit the goods administratively. 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a)(1)(A)(i); 28 C.F.R. § 8.9.

A person seeking to contest the forfeiture of their property judicially must file a claim with the DEA within the time specified in the personal notice letter or—if the notice letter is not

received—not later than 30 days after the date of the final publication of the seizure.  18 U.S.C. § 983(a)(2)(B); 28 C.F.R. § 8.10.  While the claim need not be made in any particular form, the claim must:

> (i)  identify the specific property being claimed;
>
> (ii)  state the claimant's interest in such property; and
>
> (iii)  be made under oath, subject to the penalty of perjury.

18 U.S.C. § 983(a)(2)(C).

Importantly, the claim must be "made under oath by the claimant, not counsel for the claimant, and recite that it is made under penalty of perjury…." 28 C.F.R. § 8.10(b)(3) (emphasis added).  As the Sixth Circuit has explained, "[t]he verification requirement is of particular importance because it helps prevent false claims in forfeiture actions."  *United States v. 0.40401694 Bitcoin Seized from Binance User ID 36895141*, No. 25-5611, 2026 WL 228831, at *3 (6th Cir. Jan. 28, 2026) (citing *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017)).  This is because "[s]igning on an oath or by affirmation assures the court that the claimant has an interest in the defendant property sufficient to allow him to contest the forfeiture."  *Id.*  Critically, the Sixth Circuit has found "'a single deviation from the statute's requirements deprives a claimant of' the ability to challenge a forfeiture."  *Id*. (quoting *$31,000.00 in U.S. Currency*, 872 F.3d at 349.)   Once a valid claim is received by the agency, the administrative forfeiture is suspended, and the matter is promptly submitted to the appropriate United States Attorney for commencement of judicial forfeiture proceedings.  28 C.F.R. § 8.10(e).

It is well-settled that a district court does not have subject matter jurisdiction "to review the merits of the administrative forfeiture determination." *United States v. King*, 442 F. App'x

6

212, 213 (6th Cir. 2011); *see also Linarez v. U. S. Dep't of Justice*, 2 F.3d 208, 212 (7th Cir. 1993) (holding that after the agency initiates an administrative forfeiture proceeding, "the district court loses jurisdiction to resolve the issue of return of property"); *United States v. Michl*, Nos. 5:20-cr-253, 1:21-cr-21, 2024 WL 1514562, at *2 (N.D. Ohio Apr. 8, 2024) (A court "lacks jurisdiction to review the merits of the forfeiture determination, but can only review the procedures followed" (citations omitted).)  Rather, a district court can only review the procedures followed.  Under 18 U.S.C. § 983(e)(1), a person "entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside the declaration of forfeiture with respect to that person's interest in the property…."  This motion "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  18 U.S.C. § 983(e)(5); *see also Michl*, 2024 WL 1514562, at *2.

III.     This Court Lacks Subject Matter Jurisdiction because Plaintiff Had Notice and Did Not Submit a Valid Claim

Dismissal of Plaintiff's Complaint is appropriate because the DEA followed all of the statutory and procedural requirements for valid administrative forfeiture.  Thus, Plaintiff cannot meet the standards set forth in 18 U.S.C. § 983(e) to set aside an administrative forfeiture.  Under § 983(e), an individual requesting the return of forfeited property must demonstrate that the government failed to send proper notice and that the individual had no other knowledge of the seizure.

Here, Plaintiff was given adequate written notice of the seizure and the administrative forfeiture action, as evidenced by his receipt of the Notice of Seizure.  (*Regis Decl.*, at ¶ 4(b), Attach. 1, 2.)  Moreover, Plaintiff actually admits in his complaint that he received DEA's Notice of Seizure and a claim form.  (*Compl.* ECF No. 1 PageID # 3, at ¶ 8.)  Since Plaintiff does not

7

challenge the adequacy of DEA's notice, he cannot meet the requirements of 18 U.S.C. § 983(e)(1) which allows a motion to set aside forfeiture *only* when a person who is entitled to notice "does not receive such notice…."

Further, DEA's conclusion that the claim it received was not valid because it was not personally signed by Plaintiff has been conclusively established by Plaintiff himself.  As noted above, the claim must be "made under oath <u>by the claimant</u>, not counsel for the claimant, and recite that it is made under penalty of perjury…." 28 C.F.R. § 8.10(b)(3) (emphasis added).  As the Sixth Circuit has explained, "[t]he verification requirement is of particular importance because it helps prevent false claims in forfeiture actions."  *0.40401694 Bitcoin Seized from Binance User ID 36895141*, No. 25-5611, 2026 WL 228831, at *3.  This is because "[s]igning on an oath or by affirmation assures the court that the claimant has an interest in the defendant property sufficient to allow him to contest the forfeiture."  *Id.* (citing *$31,000.00 in U.S. Currency*, 872 F.3d at 347.)

Here, Plaintiff admits in his Complaint that Eris Tye signed Plaintiff's name to the claim. (*Compl.* ECF No. 1 PageID # 3, at ¶ 9.)  Therefore, Plaintiff has never made a claim "under oath, subject to the penalty of perjury" as required by 18 U.S.C. § 983(a)(2)(C)(iii) and 28 C.F.R. § 8.10(b)(3).  Numerous courts have found claims submitted by third parties invalid. *See United States v. Thirty-four Thousand Nine Hundred Twenty-Nine Dollars ($34,929.00) in U.S. Currency*, No. 2:09-cv-734, 2010 WL 481250, at *2 (S.D. Ohio Feb. 5, 2010) ("a claim signed by counsel and not by the claimant is defective"); *United States v. 2005 Dodge Magnum*, No. 1:08CV78, 2008 WL 2783128, at n. 1 (E.D. Mo. July 17, 2008) ("a claim cannot be signed by a third party on behalf of a claimant"); *United States v. Houshar*, No. 01-272-02, 2006 WL 562206, *6 n.10 (E.D. Pa. Mar. 7, 2006) (DEA acted properly in not treating a letter from

8

claimant's counsel as a claim in an administrative forfeiture proceeding; to be a valid claim under § 982(a)(2)(C), the claim must be signed under oath by claimant); *Manjarrez v. United States*, Nos. 01 C 7530, 01 C 9495, 2002 WL 31870533, at *2 (N.D. Ill. Dec. 19, 2002) (claim filed by claimant's attorney, instead of by claimant personally, is not "under oath" as the statute requires, and so is not a valid claim); *United States v. Salgado-Santana*, No. 00–0692CCC, 2002 WL 34697221, at *4 (D.P.R. Feb. 14, 2002) (court found claim invalid because it was signed by attorney instead of claimant, and did not state claimant's interest in property; defendant who refused to file claim, citing Fifth Amendment concerns, is not a claimant and thus has no standing to request stay of forfeiture).  Accordingly, Plaintiff's claim is not valid because he did not sign it and this Court should dismiss his Complaint.

IV.     Review Under the APA is Not Available

To the extent Plaintiff attempts to bring a claim under the Administrative Procedure Act (APA), 5 U.S.C. § 701, his claims fail because there is an adequate alternative remedy.  The Sixth Circuit has determined that "[t]o state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action for which there is no other adequate remedy in court."  *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006).  The "requirement that there be no other 'adequate remedy in court' insures that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review."  *Id.* at 501 (citation omitted).  With respect to that requirement, "[t]he essential inquiry is whether another statutory scheme of judicial review exists so as to preclude review under the more general provisions of the APA."  *Id.*

Here, Plaintiff does not satisfy the APA's "no other adequate remedy in court" because CAFRA provides the exclusive mechanism for challenging nonjudicial forfeitures.  *Id.* at 501-02.

9

*See also Miller v. Drug Enf't Admin.* 566 F. App'x 395, 398 (6th Cir. 2014) (citing 18 U.S.C. § 983(e)(5)).  Because Plaintiff "had a remedy available to him under CAFRA, plaintiff fails to state a claim under the APA."  *Williams v. Drug Enf't Admin.*, No. 1:22-cv-00696, 2024 WL 5156917, at *12 (S.D. Ohio Dec. 18, 2024).  Accordingly, his complaint should be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully urge this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   */s/ James R. Bennett II*
JAMES R. BENNETT II (#0071663)
Assistant U.S. Attorney
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113
(216) 622-3988 (Direct)
(216) 522-4982 (Facsimile)
james.bennett4@usdoj.gov

Attorney for Defendants

10

CERTIFICATE OF COMPLIANCE

Pursuant to Loc. R. 7.1(f), I certify that the foregoing Memorandum in Support is ten (10) pages in length and within the page limits for an unassigned matter.

/s/ James R. Bennett II
JAMES R. BENNETT II (#0071663)
Assistant U.S. Attorney