IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD TYLER, JR., | ) | CASE NO. 5:26-cv-00281 |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CHIEF DISTRICT JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | **REPLY IN SUPPORT OF** |
| | ) | **UNITED STATES OF AMERICA'S** |
| *Defendants*. | ) | **MOTION TO DISMISS** |
| | ) | |

INTRODUCTION

Defendants United States of America and the Drug Enforcement Administration ("DEA") filed a motion to dismiss the complaint filed by Plaintiff Leonard Tyler, Jr., for lack of subject matter jurisdiction. Pursuant to 18 U.S.C. § 983(e), this Court only has jurisdiction to set aside an administrative forfeiture if the individual requesting the return of forfeited property can demonstrate that the government failed to send proper notice and that the individual had no other knowledge of the seizure. Here, Plaintiff does not dispute that he received proper notice. (*Compl.* ECF No. 1 PageID # 3, at ¶ 8.) Further, he does not dispute that he never personally filed a claim for the property. (*Id.* at ¶ 9.) Instead, he relies on 18 U.S.C. § 983(a)(3)(A) and argues that he is entitled to return of the forfeited property because the government did not file a civil complaint for forfeiture within 90 days after it received a claim form with Plaintiff's forged signature. As discussed more fully below, this argument fails because the government obtained a criminal indictment that contained a forfeiture allegation against plaintiff in lieu of a civil forfeiture complaint as permitted by 18 U.S.C. § 983(a)(3)(C). Thus, Plaintiff's arguments fail and his Complaint should be dismissed.

## LAW AND ARGUMENT

Plaintiff's sole basis for opposing the Motion to Dismiss is that the government failed to comply with 18 U.S.C. § 983(a)(3) after accepting a forged claim and could not then treat the claim as a nullity after learning of the forgery. Specifically, § 983(a)(3)(A) provides in relevant part that: "[n]ot later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture…" Since no civil forfeiture complaint was filed in this case, Plaintiff argues that the government must return the forfeited property to him despite Plaintiff never personally filing a claim for it.

What Plaintiff fails to appreciate is that the statute goes on to provide that the government can "include a forfeiture allegation in a criminal indictment" in lieu of "filing a civil forfeiture complaint…." 18 U.S.C. § 983(a)(3)(C). That is precisely what happened in this case. Plaintiff was indicted in *United States v. Yates, et al.*, No. 1:21-cr-00674, ECF No. 85 (N.D. Ohio Oct. 28, 2021). Critically, the Superseding Indictment filed after the property was seized contained a forfeiture allegation against Plaintiff. *See*, Superseding Indict., *United States v. Yates, et al.*, No. 1:21-cr-00674, ECF No. 85, PageID # 602-603, at ¶ 178. Therefore, the government was not required to file a civil forfeiture complaint against Plaintiff when there was already a forfeiture allegation in a criminal indictment against him. 18 U.S.C. § 983(a)(3)(C).

The government further notes that Plaintiff's response completely ignores the fact that he never personally submitted a claim for the forfeited property. The claim that was submitted was fraudulent and defective because a third party forged Plaintiff's signature. This submission was intended to deceive the DEA. Even Plaintiff admits that "nothing appearing on the face of the submission indicated that another person had signed [Plaintiff's] name. (Response in Opp'n, ECF No. 10 PageID # 205.) Plaintiff cannot now complain that he is entitled to the forfeited

property because the DEA did not discover the fraudulent signature when it accepted claim. Rather, since the claim was fraudulent and defective, it was *void ab initio*. DEA is not required to give a party time to cure a defective claim, much less one that was fraudulent. More importantly, the 90-day period set forth in § 983(a)(3)(A) does not start until DEA receives a valid claim that meets the requirements of 18 U.S.C. § 983(a)(2). Since this claim did not meet those requirements, DEA was not required to release the property under 18 U.S.C. § 983(a)(3)(B). Plaintiff cannot now benefit from the deception and his complaint must be dismissed.

CONCLUSION

Based on the forgoing and for the reasons set forth in the United States of America's Motion to Dismiss, the United States urges this Court to dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: *<u>/s/ James R. Bennett II</u>*
JAMES R. BENNETT II (#0071663)
Assistant U.S. Attorney
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113
(216) 622-3988 (Direct)
(216) 522-4982 (Facsimile)
james.bennett4@usdoj.gov

Attorney for Defendants

CERTIFICATE OF SERVICE

I certify that on this 7th day of October, 2026, the foregoing Reply Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Further, a copy of this filing will be sent via ordinary U.S. Mail, postage prepaid, to the following:

Leonard Tyler, Jr.
Inmate No. #60750-060
FCI-Cumberland
P.O. Box 1000
Cumberland, MD 21501

*/s/James R. Bennett II*
JAMES R. BENNETT II (#0071663)
Assistant U.S. Attorney

CERTIFICATE OF COMPLIANCE

Pursuant to Loc. R. 7.1(f), I certify that the foregoing Reply Brief is three (3) pages in length and within the page limits for an unassigned matter.

*/s/ James R. Bennett II*
JAMES R. BENNETT II (#0071663)
Assistant U.S. Attorney