IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
OCT 26 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

| | | |
|---|---|---|
| LEONARD TYLER, JR., | ) | |
| | ) | CASE NO. 5:26-cv-00281 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CHIEF DISTRICT JUDGE SARA LIOI |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

Plaintiff Leonard Tyler, Jr. ("Tyler"), proceeding *pro se*, respectfully moves this Court for leave to file the attached Sur-Reply in Opposition to Defendants' Motion to Dismiss. Good cause exists because Defendants' Reply filed October 7, 2026 (ECF No. 12), raises and develops an additional statutory defense involving a superseding criminal indictment in *United States v. Yates*, No. 1:21-cr-00674, that warrants a response before the Court resolves the pending jurisdictional motion.

Defendants now contend that the Government satisfied 18 U.S.C. § 983(a)(3) by including a criminal forfeiture allegation in the superseding indictment filed in Yates. Defendants specifically rely upon paragraph 178 of that indictment and § 983(a)(3)(C) as an alternative justification for their failure to commence judicial civil forfeiture proceedings within the statutory period.

The Government's position raises questions concerning the requirements of § 983(a)(3)(B)(ii), including whether the indictment contained a forfeiture allegation concerning the specific property at issue and whether the Government took the steps necessary to preserve its right to maintain custody of that property under the applicable criminal forfeiture statute.

The Reply additionally characterizes the claim accepted by the Drug Enforcement Administration as fraudulent and void ab initio. Tyler seeks an opportunity to respond to that

characterization and its legal consequences, particularly in light of DEA's documented acceptance of the claim, referral for judicial forfeiture, and subsequent handling of the seized currency.

Tyler recognizes that the Local Civil Rules do not provide an automatic right to file a sur-reply. He therefore requests leave before submitting additional briefing. The proposed Sur-Reply is limited to matters warranting clarification in light of the Government's Reply and is not intended to repeat the arguments already presented in Tyler's Response in Opposition (ECF No. 10).

Allowing this limited submission will assist the Court in addressing the issues fully without materially delaying resolution of the pending motion or unfairly prejudicing Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply, direct that it be accepted as part of the briefing on Defendants' Motion to Dismiss, and grant such further relief as may be appropriate.

Respectfully submitted,

Dated: October 15, 2026

Leonard Tyler, Jr.
Register No. 60750-060
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, a true and correct copy of the foregoing Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dismiss was served upon counsel for Defendants by First Class United States mail, postage prepaid, addressed as follows:

James R. Bennett II
Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

LEONARD TYLER, JR.