**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEONARD TYLER, JR., Plaintiff, | ) | CASE NO. 5:26-cv-281 |
| | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES OF AMERICA, *et al.*, Defendants. | ) | |

*Pro se* plaintiff Leonard Tyler, Jr. ("Tyler") brought this action against defendants the United States of America and the Drug Enforcement Agency ("DEA," and collectively with the United States of America, "the government") challenging the administrative forfeiture of $32,480.00 in U.S. currency. The government has filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 7.) Tyler filed an opposition. (Doc. No. 10.) The government filed a reply. (Doc. No. 12.)[1] For the reasons stated below, the government's motion is **GRANTED**.

## I. BACKGROUND

The following facts are largely taken from Tyler's complaint.[2] On September 23, 2021, the government seized $32,480.00 in U.S. currency from Tyler's vehicle in Uniontown, Ohio. (Doc. No. 6-3 ¶ 7.) On November 22, 2021, the government sent a Notice of Seizure of Property and

---

[1] Tyler also filed a motion for leave to file a sur-reply. (Doc. No. 13.) The Court sees no arguments or information in Tyler's proposed sur-reply that alter the jurisdictional analysis below. As a result, his motion is **DENIED**.

[2] Tyler filed two substantially similar but not identical complaints in this matter. (*See* Doc. No. 1 (Complaint); Doc. No. 6-3 (Amended Complaint).) The Court construes the latter as an amended complaint. Additionally, all page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Initiation of Administrative Forfeiture Proceedings ("Notice") to the correctional facility where Tyler was incarcerated.[3] (Doc. No. 7-2, at 9 (Notice).) The Notice stated that $32,480.00 of U.S. currency with Asset ID Number 21-DEA-683526 had been forfeited "pursuant to 21 U.S.C. [§] 881 and . . . 19 U.S.C. §§ 1602–1619, 18 U.S.C. § 983, and 28 C.F.R. Parts 8 and 9." (*Id.*) The Notice included instructions to request a pardon of forfeited property. (*Id.*) Tyler represents that he received the Notice in December of 2021. (Doc. No. 6-3 ¶ 8; *see* Doc. No. 10, at 2, 16, 19.)

Rather than complete the DEA claim form himself, Tyler instructed Eris Tye ("Tye") to complete, sign, and submit the form on Tyler's behalf.[4] (*Id.* ¶ 9.) According to its instructions, however, the form's declaration needed to be completed "by the claimant" and required the claimant to "attest and declare under penalty of perjury" that their claim was not frivolous and the information provided in support of the claim was true and correct to the best of the claimant's knowledge and belief. (Doc. No. 6-3, at 12 (Ex. 1—Claim Form).) In relevant part, the Code of Federal Regulations requires that a forfeiture claim "[b]e made under oath by the claimant, not counsel for the claimant, and recite that it is made under penalty of perjury[.]" 28 C.F.R. § 8.10(b)(3).

On December 23, 2021, the DEA received Tyler's timely claim form. (Doc. No. 7-2, at 4.) Nowhere did the claim form indicate that Tye completed the form on Tyler's behalf; narrative responses are written in the first-person; and the declaration appeared to be signed by Tyler. (*See* Doc. No. 6-3, at 9–12 (Ex. 1).) On January 18, 2022, the DEA accepted Tyler's claim and referred

---

[3] The government also sent Notices to six other addresses associated with Tyler. (Doc. No. 7-2, at 3 (Ex. A—Alycia P. Regis Decl.).) In addition to physical Notices, the government posted a virtual notice on www.forfeiture.gov (the official government forfeiture website) from December 6, 2021, through January 4, 2022. (*Id.*; *id.* at 12 (Ex. 3—Advertisement Certification Report).)

[4] Tyler alleges that "[b]ecause of [his] imprisonment, he could not have gathered the necessary documents, completed, signed and returned the form . . . within the 20 day time limit." (Doc. No. 6-3 ¶ 9.)

the matter to the Northern District of Ohio. (Doc. No. 6-3 ¶ 10; *see* Doc. No. 7-2, at 21 (Ex. 2—January 18, 2022 Letter).) On April 28, 2025, the DEA, believing Tyler had submitted the claim form himself, sent Tyler instructions for receiving the claimed $32,480.00 in U.S. currency. (*See id.* at 24–25 (Ex. 3—April 28, 2025 Letter); Doc. No. 7-2, at 4–5 (Ex. A).)

The DEA came to learn that a third party had signed the claim on Tyler's behalf. (Doc. No. 6-3, at 28 (Ex. 4); Doc. No. 7-2, at 5–6 (Ex. A).) In early May of 2025, the DEA sent Tyler a letter informing him that, pursuant to 18 U.S.C. § 983(a)(2)(C) and 28 C.F.R. 8.10(b)(3), "[a] claim may not be signed by a third-party on behalf of a claimant[.]" (Doc. No. 6-3, at 28 (Ex. 4).) The DEA found Tyler's claim invalid and "rescinded" their prior acceptance. (*Id.*) Furthermore, the DEA informed Tyler that, because the "time period to file a valid claim ha[d] also expired[,]" the $32,480.00 in U.S. currency "ha[d] been administratively forfeited." (*Id.*)

Tyler filed this action against the government on February 4, 2026, challenging the administrative forfeiture. (Doc. No. 1.) His four-count complaint claims that: (1) the government's seizure of the $32,480.000 was in violation of the Fourth, Fifth, and Seventh Amendments (Doc. No. 6-3 ¶¶ 15–17); (2) "the administrative forfeiture provisions of 21 U.S.C. § 881 [and] 18 U.S.C. § 983" violate the Fourth, Fifth, and Seventh Amendments (*id.* ¶¶ 18–20); (3) "the DEA's decision to administratively forfeit [the] $32,480.000 in U.S. currency was arbitrary and capricious" in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* (*id.* ¶¶ 21–23); and (4) "28 CFR § 8.10 was . . . promulgated by the DEA without statutory authority and in violation of the nondelegation doctrine and the major questions doctrine[.]" (*Id.* ¶¶ 24–26.) For relief, Tyler requests that the Court order the government return the forfeited $32,480.00 to his possession. (*Id.* ¶¶ 17, 20, 23, 26.)

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) challenges a court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Because the government here relies on an affidavit and exhibits attached to their motion, the Court construes their motion as a factual attack on jurisdiction. *See Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010). As a result, the Court may consider extrinsic evidence in assessing jurisdiction, and there is no presumption of truthfulness in favor of the non-moving party. *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *U.S. v. A.D. Roe Co.*, 186 F.3d 717, 722 (6th Cir. 1999). The plaintiff bears the burden of proving jurisdiction when facing a Rule 12(b)(1) motion. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (citations omitted).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam). But that lenient treatment "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). To avoid dismissal, even *pro se* complaints must meet basic federal pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).

## III. DISCUSSION

Tyler asks the Court to set aside the DEA's declaration of forfeiture and order his forfeited $32,480.00 in U.S. currency returned. (Doc. No. 6-3 ¶¶ 17, 20, 23, 36.) For the reasons discussed below, the Court lacks jurisdiction to consider Tyler's claims.

"Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations." *In re $20,000 in*

*U.S. Currency*, 523 F. App'x 322, 323 (6th Cir. 2013) (quoting *United States v. Campbell*, 3 F. App'x 381, 383 (6th Cir. 2001)). Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(e), a person may move to challenge a nonjudicial civil forfeiture of their property for lack of proper notice. *See* 18 U.S.C. § 983(e)(1). A § 983(e) motion is "the *exclusive remedy* for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* § 983(e)(5) (emphasis added). As a result, other challenges to a nonjudicial civil forfeiture generally fall outside a district court's jurisdiction. *See Bautista v. Mayorkas*, 644 F. Supp. 3d 748, 753 (S.D. Cal. 2022) (collecting cases). Nevertheless, a party can still bring a collateral due process claim to challenge an administrative civil forfeiture, including "challenges to the adequacy of notice." *United States v. Dusenbery*, 201 F.3d 763, 766 n.7 (6th Cir. 2000) (citations omitted).

Tyler has not brought a motion or claim under § 983(e). Instead, he collaterally attacks the government's forfeiture determination by challenging the constitutionality of the forfeiture (Counts One and Two) and its compliance with the APA (Counts Three and Four). (*See* Doc. No. 6-3 ¶¶ 15–26.) The court lacks jurisdiction to consider these claims.

Aside from due process challenges, a claimant generally "may not bypass the exclusive jurisdiction of CAFRA by seeking to set aside a forfeiture under CAFRA through the APA" or "through constitutional claims." *Bautista*, 644 F. Supp. 3d at 754–55. Congress has determined that § 983(e)(5) is the "exclusive remedy" for challenges to civil forfeiture declarations. As a result, the APA does not waive sovereign immunity for those kinds of suits. *See* 5 U.S.C. § 702 ("Nothing [in the APA] . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."). As several courts have recognized, the APA does not independently confer jurisdiction over challenges to nonjudicial civil forfeitures.

*United States v. Pickett*, No. 07-cr-117, 2012 WL 694712, at *1 (E.D.N.Y. Mar. 1, 2012); *McKinney v. U.S. Dep't of Just. Drug Enf't Admin.*, 580 F. Supp. 2d 1, 3–4 (D.D.C. 2008).

In his opposition, Tyler argues that the DEA violated § 983(a)(3) by waiting over three years to act on his claim and cannot now retroactively nullify his claim. (Doc. No. 10, at 8–16.) The government counters that they adhered to § 983(a)(3) by filing a superseding indictment with a forfeiture allegation against Tyler. (Doc. No. 12, at 2 (citing Superseding Indictment at 67–68 ¶ 178, *United States v. Yates, et al.*, No. 1:21-cr-00674 (N.D. Ohio Oct. 28, 2021), ECF No. 85).) Upon closer reading, the superseding indictment lists Tyler 's name under a general command of forfeiture but does not list the $32,400.00 at issue or any specific property seized from Tyler. (Superseding Indictment at 67–70.) In any case, this dispute is academic. As noted, § 983(e) provides the "exclusive remedy" to set aside a declaration of forfeiture, so the Court lacks jurisdiction to set aside the forfeiture based on § 983(a)(3).

Furthermore, Tyler does not bring the kind of claim this Court could review, *i.e.*, one alleging a due process violation. His complaint mentions neither due process nor its well-settled requirements. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (due process requires "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). Tyler also does not explain why, or even claim that, this forfeiture violated those standards. To the contrary, he admits that he received actual notice of the seizure (Doc. No. 6-3 ¶¶ 8–9; Doc. No. 10, at 2, 16, 19) and repeatedly assures the Court that he is not contesting his seizure based on a lack of notice. (Doc. No. 10, at 2, 7–8, 16, 19.) Likewise, Tyler does not dispute that he had the opportunity to object to the seizure. The government instead rejected his claim as defective because a third party had signed it. *See* 28 C.F.R. § 8.10(b)(3);

*United States v. Thirty-four Thousand Nine Hundred Twenty-Nine Dollars ($34,929.00) in U.S. Currency*, No. 2:09-cv-734, 2010 WL 481250, at *2 (S.D. Ohio Feb. 5, 2010) ("a claim signed by counsel and not by the claimant is defective"); *United States v. 2005 Dodge Magnum*, No. 1:08-cv-78, 2008 WL 2783128, at *1 n.1 (E.D. Mo. July 17, 2008) ("a claim cannot be signed by a third party on behalf of a claimant"). As such, Tyler does not assert a claim over which this Court has jurisdiction to hear.

Finally, Tyler requests the Court exercise its equitable jurisdiction. (*See* Doc. No. 6-3 ¶ 4 ("This Court has equitable jurisdiction over [various claims].") The Court declines that invitation. "Civil equitable jurisdiction is discretionary; a court should exercise it with caution and restraint." *United States v. Kazkaz*, No. 23-20022, 2023 WL 4237758, at *9–10 (E.D. Mich. June 28, 2023) (citation modified); *see also Trump v. United States*, 54 F.4th 689, 694 (11th Cir. 2022) ("Exercises of equitable jurisdiction . . . should be exceptional and anomalous." (citation modified)). "[W]here [a] petitioner receives actual notice and only where the agency fails to review or consider a petition altogether can courts exercise any equitable jurisdiction." *In re Search Warrants for 27867 Orchard Lake Rd.*, 553 F. Supp. 2d 879, 883 (E.D. Mich. 2008) (citing *In re $67,470.00*, 901 F.2d 1540, 1544 (11th Cir. 1990)). Tyler does not allege that the agency failed to review or consider his petition. The Court therefore abstains from exercising equitable jurisdiction.

## IV. CONCLUSION

Tyler fails to invoke the Court's limited subject matter jurisdiction in his request for judicial review of the government's forfeiture decision. For the reasons set forth herein, the government's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 7) is **GRANTED**. This case is **DISMISSED** and **CLOSED**.

**IT IS SO ORDERED**.

Dated: October 30, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**